

November 21, 2018

**VIA ECF**

Hon. Leda Dunn Wettre
Magistrate Judge - U.S. District Court for the
District of New Jersey
M. L. King, Jr. Federal Building & Courthouse
50 Walnut St., Room 2060
Newark, NJ 07102

  Re: *Carmignac Gestion, S.A. v. Perrigo Company plc, et al.*, Civ. No. 2:17-cv-10467;
     *First Manhattan Co. v. Perrigo Company plc, et al.*, Civ. No. 2:18-cv-02291;
     *Manning & Napier Advisors, LLC v. Perrigo Company plc, et al.*, Civ. No. 2:18-cv-00674

Dear Judge Wettre:

  This firm, together with Kessler Topaz Meltzer & Check LLP ("KTMC"), represents plaintiffs (the "Individual Plaintiffs") in the above-captioned actions (the "Individual Actions") which are coordinated for discovery purposes with *Roofer's Pension Fund v. Papa, et al.*, No. 2:16-cv-02805 (the "Class Action"). We write in response to Defendants' letter dated November 19, 2018. *Carmignac* (Dkt. 36); *First Manhattan* (Dkt. 34); *Manning & Napier* (Dkt. 35).

  ***First***, we were surprised by Defendants' incorrect statement that the Individual Plaintiffs' letter dated November 14, 2018 was "procedurally improper." Defs' Letter at 3. The parties have stipulated, and the Court has ordered, that discovery in the Individual Actions "shall be coordinated with discovery in the Consolidated Class Action regardless of whether any defendants file motions to dismiss . . . ." *Carmignac* (Dkt. 30); *First Manhattan* (Dkt. 20); *Manning* (Dkt. 29). Consistent with these Orders coordinating discovery, we attended and participated in the October 24, 2018 Rule 16 conference before Your Honor, and discussed our intent to attend the conference with Defendants weeks beforehand, to which they had no objection.

  Following the Rule 16 conference, the Individual Plaintiffs participated substantively in all meet-and-confers concerning discovery and case management issues along with counsel for Lead Plaintiff and Defendants. These calls involved lengthy discussions as to the scope of discovery relevant to the generic drug pricing claims—and during those calls, we agreed uniformly with Lead Plaintiff's arguments that ample discovery regarding the generic drug pricing issues beyond a mere six example drugs is necessary and appropriate. Given the stipulation and Orders concerning coordination, and consistent with the Individual Plaintiffs' open and continuing efforts to coordinate, we understood the deadlines for submission of discovery letters set forth in the Court's

Pretrial Scheduling Order in the Class Action (ECF 149; dated October 24, 2018) to apply to the Individual Plaintiffs, and not exclusively to Lead Plaintiff and Defendants.

*Second*, the entire premise of Defendants' letter—that the Individual Plaintiffs are demanding discovery "that goes beyond the discovery relevant in the *Roofer's* case" (Defs' Letter at 2)—is incorrect. Defendants both mischaracterize our position and presume that this Court will agree with Defendants' unfounded position that discovery regarding the generic drug pricing claims in the Class Action should be limited to the six drugs specifically identified in the *Roofer's* complaint. To be clear, the Individual Plaintiffs agree with Lead Plaintiff that the claims in both the Class Action and the Individual Actions implicate the need for discovery concerning Perrigo's generic drug portfolio beyond just the six drugs Defendants claim are at issue in the Class Action. Moreover, Lead Plaintiff's Request for Production No. 5, which seeks "[a]ll documents and communications between and among Perrigo or any of its competitors concerning the pricing of generic pharmaceuticals," tracks both Lead Plaintiff's and the Individual Plaintiffs' allegations regarding generic drug pricing. At this time, the Individual Plaintiffs are not—as Defendants contend—demanding discovery beyond what Lead Plaintiff has requested.[1] Our letter simply highlights certain of the Individual Plaintiffs' relevant allegations as the Court considers the parties' dispute about the scope of discovery.

*Third*, Defendants' invocation of the PSLRA discovery stay is misplaced. As noted above, Defendants stipulated to forego the protections of the PSLRA stay, as they "agreed to allow discovery to commence in the four opt out actions *even though Defendants are moving to dismiss* . . . ." Defs. Ltr. at 3. The Court sanctioned this procedure when it ordered that discovery in the Individual Actions "shall be coordinated with discovery in the Consolidated Class Action *regardless of whether any defendants file motions to dismiss* . . . ." *Carmignac* (Dkt. 30); *First Manhattan* (Dkt. 20); *Manning* (Dkt. 29). Simply put, there are no "carve-outs" to discovery in the parties' stipulations or the Court's Orders on this point for any of the Individual Plaintiffs' claims. Accordingly, even leaving aside the fact that Lead Plaintiff is demanding much of the same discovery regarding generic drug pricing that is discussed in the Individual Plaintiffs' letter, Defendants cannot now (or during the pendency of their motion to dismiss) "pick and choose" which discovery they want to provide and which discovery they want to hold back.

Thank you for your time and consideration. We look forward to discussing these issues at the upcoming conference.

Respectfully submitted,

Christopher A. Seeger

cc: All Counsel of Record

---

[1] Indeed, such a position would be premature prior to the Court's ruling on the scope of discovery in the Class Action and Defendants' initial document production, as the Individual Plaintiffs have agreed not to serve additional document requests beyond what Lead Plaintiff has served until Defendants have made their first production of documents (which Defendants still have not done). *See* Defs.' Ltr. at n.1.