# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

Chambers of
**Leda Dunn Wettre**
United States Magistrate Judge

Martin Luther King Federal Building
& U.S. Courthouse
50 Walnut Street
Newark, NJ 07101
(973) 645-3574

December 11, 2019

To:     All counsel of record

## LETTER ORDER

Re:     *Roofers' Pension Fund v. Papa, et al.*, Civ. A. No. 16-2805 (MCA) (LDW)

*Carmignac Gestion, S.A. v. Perrigo Co. plc, et al.*, Civ. A. No. 17-10467 (MCA) (LDW)

*Manning & Napier Advisors, LLC v. Perrigo Co. plc, et al.*, Civ. A. No. 18-674 (MCA) (LDW)

*Mason Capital L.P., et al. v. Perrigo Co. plc, et al.*, Civ. A. No. 18-1119 (MCA) (LDW)

*Pentwater Equity Opportunities Master Fund Ltd., et al. v. Perrigo Co. plc, et al.*, Civ. A. No. 18-1121 (MCA) (LDW)

*Harel Ins. Co., Ltd., et al. v. Perrigo Co. plc, et al.*, Civ. A. No. 18-2074 (MCA) (LDW)

*First Manhattan Co. v. Perrigo Co. plc, et al.*, Civ. A. No. 18-2291 (MCA) (LDW)

*TIAA-CREF Investment Mgmt., LLC, et al. v. Perrigo Co. plc, et al.*, Civ. A. No. 18-8175 (MCA) (LDW)

*Nationwide Mutual Funds, et al. v. Perrigo Co. plc, et al.*, Civ. A. No. 18-15382 (MCA) (LDW)

*WCM Alternatives: Event-Driven Fund, et al. v. Perrigo Co. plc, et al.*, Civ. A. No. 18-16204 (MCA) (LDW)

*Hudson Bay Master Fund Ltd., et al. v. Perrigo Co. plc, et al.*, Civ. A. No. 18-16206 (MCA) (LDW)

*Schwab Capital Trust, et al. v. Perrigo Co. plc, et al.*, Civ. A. No. 19-3973 (MCA) (LDW)

*Oz Master Fund, Ltd., et al. v. Perrigo Co. plc, et al.*, Civ. A. No. 19-4900 (MCA) (LDW)

*Aberdeen Canada Funds – Global Equity Fund, et al. v. Perrigo Co. plc, et al.*, Civ. A. No. 19-6560 (MCA) (LDW)

Dear Counsel:

This letter order addresses the application of intervenor the United States to extend the limited stay of discovery in the above-captioned *Roofers' Pension* Class Action and related Individual Actions in light of the Government's ongoing criminal investigation into anticompetitive practices in the generic pharmaceuticals industry. (Civ. A. No. 16-2805, ECF No. 229).

With the consent of all parties, the Court entered an Order dated October 16, 2019 imposing a limited stay of discovery relating to the pricing, sale, and marketing of generic pharmaceuticals in the United States by defendant Perrigo Company plc. (Civ. A No. 16-2805, ECF No. 220). The October 16, 2019 Order is limited in both scope and time. Specifically, the October 16, 2019 Order stays until November 15, 2019[1] depositions of certain individuals involved in Perrigo's sale, pricing, or marketing of generic pharmaceuticals in the United States, as well as any Rule 30(b)(6) depositions of Perrigo representatives regarding the sale, pricing, or marketing of generic pharmaceuticals. (*Id.* ¶¶ 3-4). The limited stay does not affect written discovery or other depositions to which the Government does not object. For example, the Government represents that the vast majority of the approximately 90 potential deponents identified by Lead Plaintiff in the Class Action and plaintiffs in the related Individual Actions are not subject to the limited discovery stay.

By letter dated November 15, 2019, the Government requests an extension of the limited discovery stay to March 15, 2020. (Civ. A. No. 16-2805, ECF No. 229). Lead Plaintiff in the Class Action and plaintiffs in the Individual Actions oppose this application. (Civ. A. No. 16-2805, ECF No. 233). Defendants take no position. (Civ. A. No. 16-2805, ECF No. 234). Factors relevant to the Court's determination of the appropriateness of a further stay of discovery include: "1) the extent to which the issues in the criminal and civil cases overlap; 2) the status of the case, including whether the defendants have been indicted; 3) the plaintiff's interest in proceeding expeditiously weighed against the prejudice to plaintiff caused by a delay; 4) the private interests of and burden on defendants; 5) the interests of the court; and 6) the public interest." *Walsh Sec., Inc. v. Cristo Prop. Mgmt., Ltd.*, 7 F. Supp. 2d 523, 527 (D.N.J. June 9, 1998).

There is no genuine dispute that some of the allegations in the Class Action and the Individual Actions overlap with the Government's ongoing investigation into price fixing in the generic pharmaceuticals industry. The Court has reviewed *in camera* the November 14, 2019 Declaration of Ryan Danks, counsel for the Antitrust Division of the Department of Justice, and agrees that allowing certain fact discovery to continue in the Class Action and Individual Actions would jeopardize investigative opportunities in the Government's ongoing criminal investigation. Furthermore, the Court does not believe that plaintiffs will be prejudiced by what is ultimately a four-month delay in taking a small number of fact depositions. The Court is mindful of plaintiffs' concerns that this limited stay could be extended *ad infinitum*, but is satisfied that the Government is making all reasonable efforts to minimize the impact of the stay on plaintiffs' interest in an expedient resolution of their claims. Specifically, the Government has committed to releasing additional witnesses from the limited discovery stay on or before January 30, 2020. Moreover, the Government has agreed to file any application for a further stay of discovery on or before February

---

[1] The parties agreed to abide by the terms of the October 16, 2019 Order after its expiration date pending the Court's ruling on this application to extend the limited stay.

21, 2020. Finally, it is in the interest of the Court that discovery in these actions proceed in a manner consistent with the discovery stay entered by the Honorable Cynthia M. Rufe in *In re: Generic Pharmaceuticals Pricing Antitrust Litigation*, related multidistrict litigation proceedings in the Eastern District of Pennsylvania. (Civ. A. No. 16-MD-2724, Pretrial Order No. 108).

Therefore, the Government's application to extend the limited discovery stay in the *Roofers' Pension* Class Action and the related Individual Actions is **GRANTED**. All terms of the Court's October 16, 2019 Order shall remain in effect until **March 15, 2020**. The Court will visit the subject of setting new fact and expert discovery deadlines towards the close of this limited stay. However, the parties are directed to take all discovery possible during the pendency of the limited stay and be prepared to take any remaining depositions of witnesses subject to the stay as expeditiously as possible after March 15, 2020. The parties shall appear for a telephonic status conference before the undersigned on **March 2, 2020 at 2:00 p.m.** The parties are directed to submit concise status letters to the Court no later than **February 26, 2020 at 5:00 p.m.** Once all parties are on the phone, please call Chambers at (973) 645-3574.

It is **SO ORDERED**.

_Leda D. Wettre_
Hon. Leda Dunn Wettre
United States Magistrate Judge

3